### CAROLINE HALE *vs.* LORENZO P. MUNN.

Where a grantee enters into possession of land, supposing it to be the lot described in his deed, when in fact it is not, and continues in possession thereof until his death, and such land is then sold and conveyed by his administrator by license of court, and the purchaser enters into possession under such conveyance, and afterwards takes a quitclaim deed of the land from the grantor of the deceased, describing it as being the same land intended to be conveyed by his deed to the deceased, the widow of the deceased is entitled to dower in the land as against such purchaser.

WRIT OF DOWER of sixteen acres of land in Gill, known as the Stoughton lot, and thus described :   Beginning at a stake and stones at the westerly corner of said lot, thence southeasterly seventy six rods ;  thence northeasterly forty rods and twenty two links ;  thence northwesterly sixty seven and a half rods ; thence southwesterly thirty one and two thirds rods to the point of beginning.   Plea, that the husband of the demandant was never seized of the land.   The parties submitted the case to the

decision of the court upon so much of the following facts, as would be admissible in evidence on a trial before the jury.

On the 21st of February 1840 Asa Stoughton made a deed to Samuel Stoughton of a parcel of land in Gill, described as " beginning at a stake and stones at the west corner of said lot, adjoining land of Seth Munn; " thence northwesterly seventy six rods; thence southwesterly forty rods and twenty two links; thence southeasterly sixty seven and a half rods; thence northeasterly thirty one and two thirds rods to the first mentioned bounds; containing sixteen acres. And on the 4th of April 1848 Samuel Stoughton conveyed to Ralph A. Hale, the husband of the demandant, by a like description. These deeds do not in fact include any part of the land described in the declaration; and if the description in them covers any land, it is land which was not owned by either of the Stoughtons at the time of executing these deeds. But on the decease of said Ralph, the land described in the declaration was inventoried as part of his estate and was sold by his administrator under license of the probate court by public auction to the tenant, for $855, and conveyed to him accordingly; but any right of dower which the demandant might otherwise have had was not thereby conveyed or barred. Said Ralph had no title to the land described in the declaration, unless under his deed from Samuel Stoughton, or by virtue of the transactions hereinafter stated.

On the 5th of February 1853 Asa Stoughton and Samuel Stoughton gave a quitclaim deed to the tenant of the tract of land described in the declaration, describing it also as " being the same land which was intended to be conveyed by me the said Asa to the said Samuel by deed dated the 21st day of February 1840; and is also the same land which was intended to be conveyed by me the said Samuel to Ralph A. Hale, by deed dated the 4th day of April 1848; which said deeds, in consequence of a mistake in the description of said land, do not cover the same." No consideration was paid for this deed.

At the time of the execution and delivery of the deed from Asa to Samuel, Asa owned the land described in the declaration, and intended to convey it by said deed, and the scrivener who

drew said deed had a plan of said land before him, and was directed by the parties to draw the deed so as to convey said land, but by mistake, or some reason unknown, drew the deed as above stated, so as to describe a lot lying westwardly, instead of eastwardly of the point of beginning. Both Asa and Samuel believed the deed to be drawn according to the plan ; and Samuel went into possession of said land, as and for the tract conveyed by said deed, inclosed and improved the same, and continued in peaceable possession thereof until the 4th of April 1848. Samuel Stoughton, by his deed to Ralph A. Hale, intended to convey the land described in the declaration, and believed that said deed did convey it; and Hale, upon the delivery of said deed to him, went into possession of said land, and continued in the peaceable possession and occupation thereof until his death in December 1851. Neither of the Stoughtons discovered the mistake until after Hale's death.

*C. P. Huntington & D. W. Alvord*, for the demandant. The tenant is estopped to deny in this action the seizin or title of the demandant's husband, for several reasons :

1. Because he has accepted a deed of the land from the husband's administrator, and gone into possession under and by virtue of that deed. *Hains* v. *Gardner*, 1 Fairf. 383. *Kimball* v. *Kimball*, 2 Greenl. 226. *Nason* v. *Allen*, 6 Greenl. 243. *Hamblin* v. *Bank of Cumberland*, 19 Maine, 69. *Embree* v. *Ellis*, 2 Johns. 119. *Collins* v. *Torry*, 7 Johns. 278. *Hitchcock* v. *Harrington*, 6 Johns. 293. *Davis* v. *Darrow*, 12 Wend. 67. *Bowne* v. *Potter*, 17 Wend. 164. *Sherwood* v. *Vandenburgh*, 2 Hill, 307. *Sayles* v. *Smith*, 12 Wend. 59. *Springstein* v. *Schermerhorn*, 12 Johns. 362. *Osterhout* v. *Shoemaker*, 3 Hill, 518. *English* v. *Wright*, Coxe, 437. *Wedge* v. *Dickinson*, 6 Cush. 8. *Morgan* v. *Larned*, 10 Met. 50.

2. Because, by taking a deed of the land from the husband's administrator, he has induced those claiming under or representing the husband to give up possession to him. 2 Smith's Lead. Cas. (3d Amer. ed.) 540, 541, *Amer. notes.* Cases before cited.

3. By the recital in the Stoughtons' deed to the tenant of the intent of their deeds, from which the husband derived his title.

*Hart* v. *Johnson,* 6 Ohio, 87. *Chautauque County Bank* v. *Risley,* 4 Denio, 480. *Inskeep* v. *Shields,* 4 Harringt. (Del.) 345.

4. By those principles of equitable estoppel *in pais,* which would preclude the Stoughtons, if now the tenants, from denying such seizin. *Cowles* v. *Bacon,* 21 Conn. 451. *Dickson* v *Green,* 24 Miss. 612.

*G. T. Davis & C. Allen,* for the tenant. 1. The tenant is not, by having accepted a deed poll from the administrator of the husband, without covenants of warranty, estopped to deny the husband's seizin, and set up an independent title. *Ham* v. *Ham,* 14 Maine, 354. *Great Falls Co.* v. *Worster,* 15 N. H. 450. *Otis* v. *Parshley,* 10 N. H. 408. *Averill* v. *Wilson,* 4 Barb. 180. *Small* v. *Procter,* 15 Mass. 499. *Flagg* v. *Mann,* 14 Pick. 482. *Somes* v. *Skinner,* 16 Mass. 348. *Fox* v. *Widgery,* 4 Greenl. 219. *Blight* v. *Rochester,* 7 Wheat. 547, 548.

2. There is nothing in the deed from the Stoughtons to the tenant which can estop him to set up a title under it, by asserting, what that deed expressly recites, that the deed to Hale did not cover the land demanded. Besides ; the demandant cannot be permitted to set up that deed as an estoppel, at the same time that she seeks to defeat its operation in part, by her present claim of dower. *Crosby* v. *Chase,* 17 Maine, 369.

3. Estoppels are not to be favored. *Leicester* v. *Rehoboth,* 4 Mass. 181, 182. *Bridgewater* v. *Dartmouth,* 4 Mass. 273. *Otis* v. *Parshley,* 10 N. H. 408.

4. It does not appear that the tenant, or the Stoughtons, under whom he claims, have by their acts or representations induced the demandant or her husband so to change their position for the worse, as to create an estoppel *in pais.*

5. The true facts being agreed in this case, there can be no estoppel. *Wheelock* v. *Henshaw,* 19 Pick. 341.

*Huntington,* in reply. The facts are only agreed, so far as they would be competent evidence.

DEWEY, J. The demandant very clearly establishes a *prima facie* title to dower ; for her husband died seized of the premises, and had been thus seized for three years. The question then arises, whether the tenant has rebut+ed this *prima facie* case.

It appears that the tenant entered into possession of the land under the title of the husband, having purchased the estate from his administrator, under an authority conferred on the administrator to sell the estate of the deceased husband. Such purchase and entry under it would generally operate as an acknowledgment of the title of the husband so far as to subject the premises to the claim of dower by the wife, if she had not by some proper instrument released her claim to dower in the same.

The tenant now offers to show, and that it can be thus shown by reference to the title deeds is admitted, that the husband did not have a good and indefeasible title to the premises, and that upon a reference to the deed of his supposed grantor, Samuel Stoughton, the premises are not found to be included in the land described in that deed, although the husband entered upon the same under such deed, and it could now be shown, if the evidence were competent, that it was intended to have included the same in said deed. The like omission appears in the deed of Asa Stoughton to Samuel Stoughton, the grantor of the husband. It thus appears that there was an outstanding title in Asa Stoughton at the time of the decease of the husband. This outstanding title the tenant has since acquired, by a deed of release and quitclaim from Asa Stoughton and Samuel Stoughton. The further inquiry is as to the effect of this deed of release.

It is contended on the part of the tenant that he has thereby acquired a new and independent title, upon which he may properly rely as a defence to the present action. But this position we think cannot be maintained under all the facts of the case.

The tenant, being in possession under a title derived through the husband of the demandant, received a quitclaim deed from the Stoughtons, in which it is recited that it was the same land intended to be conveyed by the deed of Samuel Stoughton to the husband, and also by Asa Stoughton to Samuel Stoughton, but which, in consequence of a mistake in the description of the land, did not cover the same. We think this deed of release to the tenant, while in possession under the administrator's deed, is to be deemed a mere confirmatory title. It assumes that the

parties intended by the original deed to convey the premises to the husband, upon which he had entered claiming the title thereto, and the purpose of the later deed was to give full effect to the former, and to secure to the tenant the title he supposed he had acquired by the administrator's deed. The tenant takes it as a release and confirmation of his previous title. This leaves the title and possession he acquired under the administrator's deed undisturbed, and upon these facts the court are of opinion that the demandant is entitled to

*Judgment for dower.*